IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY D. RUEHLE and<br>BRITTANI Y. RUEHLE,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br>FREEDOM MORTGAGE<br>   CORPORATION. a/k/a<br>     FREEDOM HOME MORTGAGE<br>     CORPORATION, and<br>MORTGAGE INVESTORS<br>   CORPORATION, INC.,<br><br>Defendants.<br><br>FREEDOM MORTGAGE<br>   CORPORATION,<br><br>Counter-plaintiff,<br><br>v.<br><br>JEREMY D. RUEHLE,<br>BRITTNI Y. RUEHLE, and<br>JOHN AND JANE DOE, as occupants<br>   of the premises,<br><br>Counter-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-17-961-SLP |

**O R D E R**

Before the Court is Defendant Freedom Mortgage Corporation's Motion for Attorney's Fees [Doc. No. 151]. Plaintiffs did not file a response brief, and Freedom Mortgage's motion is at issue. The Court finds that Plaintiffs have confessed Freedom Mortgage's motion. *See* L. Cv. R. 7.1(g).

Still, the Court will evaluate Freedom Mortgage's motion on its merits. Freedom Mortgage is the prevailing party in this action, and Plaintiffs' mortgage entitles Freedom Mortgage to recover its reasonable attorneys' fees from this action. *See Becker v. Wells Fargo Bank, NA, Inc.*, No. 2:10-CV-2799-TLN-KJN, 2014 WL 7409447, at *5 (E.D. Cal. Dec. 30, 2014) (indicating that attorneys' fees for RESPA and other claims such as those asserted by Plaintiffs in this action were recoverable under the attorneys' fees provision of a mortgage similar to that at issue here), *R & R adopted by* 2015 WL 509662 (E.D. Cal. Feb. 5, 2015); *Farmers Ins. Co., Inc. v. Smith*, 1998 OK CIV APP 28, ¶ 10, 957 P.2d 125, 128 (indicating that Oklahoma law allows recovery of attorneys' fees pursuant to a mortgage providing for the same).

The Court has reviewed the lodestar figure proposed by Freedom Mortgage, the rates billed by Freedom Mortgage, and the amount of hours expended on this litigation by Freedom Mortgage's counsel, as well as the tasks performed by Freedom Mortgage's counsel as recorded in the contemporaneously-made records submitted to the Court. The Court finds all of these aspects of Freedom Mortgage's attorneys' fees request to be reasonable, except the Court finds that the rates charged by Freedom Mortgage's out-of-state counsel are higher than would be charged by similarly qualified attorneys (even those at the top end of the range of billing rates for those with similar experience) in this district. Accordingly, the Court imposes a 15% reduction on the lodestar amount for the hours billed by Freedom Mortgage's non-local counsel to account for the higher-than-normal-in-Oklahoma rates utilized by them and to bring their rates within the range of those charged by similarly-experienced and similarly-qualified Oklahoma-based counsel. *See Metz v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994) ("A district judge may turn to [his] own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." (quotation marks and citation omitted)). The Court finds the rate charged by Freedom Mortgage's Oklahoma-based counsel to be reasonable, and no adjustment to local counsel is necessary. The Court does not find any reason for further adjustment of the attorneys' fees to be awarded to Freedom Mortgage based on the factors identified both in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87 (1989), and in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979).

IT IS THEREFORE ORDERED that Freedom Mortgage's Motion for Attorney's Fees [Doc. No. 151] is GRANTED IN PART and DENIED IN PART. Freedom Mortgage is awarded attorneys' fees in the amount of $103,945.18.

IT IS SO ORDERED this 25th day of July, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE